# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6097 | **DATE** | 10/3/2000 |
| **CASE TITLE** | AEI Music vs. Business Computers, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 10/25/00 at 11:00AM.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter memorandum opinion and order. The court grants the Board's motion to dismiss Count I and IX.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | OCT 1 8 2000 | |
| | Notified counsel by telephone. | | date docketed | 52 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| | | 00 OCT -3 PM 2:08 | date mailed notice | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

A.E.I. MUSIC NETWORK, INC., a )
Washington corporation, )
)
Plaintiff, )
)
v. ) 98 C 6097
) Judge George M. Marovich
BUSINESS COMPUTERS, INC., an )
Illinois corporation; THE )
CHICAGO SCHOOL REFORM BOARD )
TRUSTEES, on behalf of the )
Chicago Public School )
District, an Illinois body )
politic incorporate; and )
STATEWIDE INSURANCE COMPANY, )
an Illinois corporation, )
)
Defendants. )

DOCKETED
OCT 04 2000

MEMORANDUM OPINION AND ORDER

Plaintiff A.E.I. Music Network, Inc. ("AEI") filed a nine-count First Amended Complaint (the "Complaint") against Business Computers, Inc. ("BCI"); The Chicago School Reform Board of Trustees (the "Board"); and Statewide Insurance Company, alleging, among other things, that AEI is entitled to an accounting pursuant to the Illinois Mechanic's Lien Act, 770 ILL. COMP. STAT. 60/23 (West 2000)(the "Mechanic's Lien Act")(Count I); and that the Board has breached its contract under Illinois law (Count IX). The Board has moved to dismiss Counts I and IX of

1

the First Amended Complaint (the only Counts pending against it) pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the reasons set forth below, the Court grants the Board's motion to dismiss Counts I and IX.

## BACKGROUND

The Complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. <u>Hishon v. Kemp & Spalding</u>, 467 U.S. 69, 73 (1984). On April 30, 1997, the Board entered into a contract with BCI (the "Contract"). For $495,000.00, BCI agreed to equip Mather High School ("Mather") with "a hard-wired multi-media, audio/visual network." (Compl. ¶ 7.) The Board did not require BCI to provide a payment bond for the benefit of subcontractors on the project.

On May 13, 1997, BCI entered into a subcontract agreement with AEI (the "Subcontract"). For $302,231.00, AEI agreed to supply some of the audio/video equipment and perform some of BCI's work required by the Contract. Pursuant to subsequent negotiations, AEI agreed to do additional work for the amount of $9,204.88. AEI began work at Mather in the summer of 1997. Between June and October 1997, AEI billed BCI for progress payments which totaled $301,445.88.

In October 1997, AEI informed BCI that it had failed to

2

timely make the progress payments required by the Subcontract and that AEI intended to cease all work on the project until the Board tendered the outstanding payments. In an attempt to convince AEI to continue work, BCI explained to AEI the reason BCI had not paid AEI, namely, the Board had failed to pay BCI amounts due on the Contract. Further, BCI stated that it would pay AEI once BCI received payment from the Board. Specifically, William Martin ("Martin"), the President of BCI, repeatedly spoke to AEI representatives and explained that BCI was unable to make the progress payments because of the Board's failure to pay BCI. In each discussion, Martin requested that AEI continue to work on the Mather project and promised to bring BCI's account up to date once it received payment from the Board. Relying on these representations, AEI continued work on Mather. During that same month, the Board, aware that BCI owed AEI money, made full payment totaling $495,000.00 to BCI for the purchase and installation of the audio-video system at Mather.

On May 6, 1998, AEI supplied the last of the labor and materials required by the Subcontract. In total, AEI supplied $311,435.88 worth of labor and materials under the Subcontract. To date, the amount BCI owes AEI is $158,081.07. AEI made numerous demands for payment from BCI and the Board. On July 9,

3

1998, AEI served its Subcontractor's Notice of Claim for Lien on BCI and the Board.

AEI's First Amended Complaint alleges, among other claims: (1) accounting under the Mechanic's Lien Act; and (2) breach of contract in violation of Illinois law. In response, AEI has filed the present motion seeking to dismiss these claims (Counts I and IX).

## DISCUSSION

### I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988).

### II. Mechanic's Lien Act Claim

The Board moves to dismiss AEI's claim under the Mechanic's

Lien Act on the basis that the Board paid BCI in full for the Mather project before AEI attempted to perfect its lien. The Illinois Mechanic's Lien Act states, in pertinent part:

> Any person who shall furnish material . . . or labor to any contractor having a contract for public improvement . . . shall have a lien for the value thereof on the money, bonds, or warrants due or to become due the contractor having a contract with such [public entity] in this State under such contract. Provided, such person shall, before payment or delivery thereof is made to such contractor, notify the [public entity] of his claim by a written notice and furnish a copy of said notice at once to said contractor.

770 ILL. COMP. STAT. 60/23(b). It is well-settled law that subcontractors' rights under the Mechanic's Lien Act "are in derogation of the common law and are to be strictly construed." Board of Library Trustees of Village of Westmont for Use and Benefit of Ozinga Bros., Inc. v. Cinco Const., 658 N.E.2d 473, 479 (Ill. App. Ct. 1995). As a result, strict compliance with the Act's provisions is required. Id. To perfect a lien, the Mechanic's Lien Act requires that the subcontractor serve a notice of lien while the public entity still has payment due or to become due on the project. 770 ILL. COMP. STAT. 60/23(b); Board of Library Trustees, 658 N.E.2d at 481.

The sole issue raised by the parties is whether timely notice was given by AEI. Relying solely on AEI's own complaint,

5

the Court finds that AEI's notice was untimely. Some time after October 1997, AEI began speaking with Martin about BCI's delinquent account. Although the Complaint does not give a date certain for these conversations, it is clear from the chronology that they occurred after October 1997, but before AEI served a Notice of Claim for Lien in July 1998. AEI's complaint states that at or before the time AEI spoke to Martin about the delinquent payments, "BCI had <u>received full payment</u> under the Mather Prime Contract from [the Board] in the total amount of $495,000.00." (Compl. ¶ 30.)(emphasis added) Assuming, as this Court must, that the allegations of the complaint are true, the Board had already paid BCI in full and owed no money on the Mather project at the time the lien was served. Therefore, AEI failed to comply with the requirements of the Mechanic's Lien Act. Since this Court is required to apply those requirements strictly, AEI's claim for an accounting (Count I) must be dismissed.

III. <u>Breach of Contract Claim</u>

AEI asserts a third party beneficiary breach of contract claim based on the Board's failure to secure a bond pursuant to the Illinois Public Construction Bond Act, 30 ILL. COMP. STAT. 550 (West 2000)("Bond Act"), in conjunction with the Contract the

6

Board entered into with BCI. In its Motion to Dismiss the Board argues that AEI's breach of contract claim must fail because AEI failed to comply with the notice and statute of limitations provided in the Illinois Public Construction Bond Act, 30 ILL. COMP. STAT. 550/2 (West 2000)("§ 2").

The issue at the heart of this Motion to Dismiss is one of first impression--when bringing a breach of contract action against a public entity for failure to secure a bond from a contractor pursuant to 30 ILL. COMP. STAT. 550/1 ("§ 1"), must a subcontractor comply with the notice and statute of limitations requirements outlined in § 2. Neither the parties' briefs nor the Court's independent research has revealed any prior cases dealing directly with this issue.

Section 1 "requires that every public works contractor must furnish a bond that, 'among other conditions,' provides for the completion of the contract, and for the payment of materials used and labor performed, whether by subcontractor or otherwise." <u>Concrete Structures of the Midwest, Inc. v. Fireman's Ins. Co. of Newark, New Jersey</u>, 790 F.2d 41, 42 (7th Cir. 1986). Section 2 sets out a statute of limitations and a notice requirement for actions to enforce § 1. Illinois law is clear that the bond requirement of the Bond Act is incorporated into every public

construction contract. See e.g. East Peoria Community High School Dist. No. 309 v. Grand Stage Lighting Co., 601 N.E.2d 972, 974 (Ill. App. Ct. 1992). It is also well-settled that a subcontractor may bring a third-party beneficiary claim for breach of contract against a public entity for failure to secure a bond required by § 1. Id. In the present case, it is undisputed that the Board failed to secure a bond from BCI as required by § 1. What is contested is whether actions against a public entity for breach of contract for failure to secure a bond are governed by the requirements of § 2 as actions on a bond against a surety are. See e.g. Concrete Structures, 790 F.2d at 43.

In Concrete Structures, a case not addressed by AEI, the Seventh Circuit held that an action for lost profits against a surety on a bond was barred by the statute of limitations. That case against a surety on an existing bond, is undoubtedly distinct from the case at bar against a public entity for failure to secure a bond. However, the Seventh Circuit's interpretation of the statute is relevant and applicable to the case at bar. In that case, the Seventh Circuit stated:

> [W]e do not think . . . that the nature of the claim or cause may sever it from the statute. Although no Illinois cases involved claims other

> than for labor and materials, they do not suggest
> that a different result would follow for a different
> type of claim; indeed, they treat the statute in
> a unitary fashion, with § 2 as the means <u>to enforce
> the rights and duties created by § 1</u>. Moreover, § 2
> states that the six month limitation applies to
> "<u>any action of any kind</u>"; there is no reason to deem
> that this broad language is limited to actions for
> labor and materials.

<u>Concrete Structures</u>, 790 F.2d at 43 (emphasis added). Just as the Seventh Circuit applied the statute in a unitary fashion for claims other than those for labor and materials, so do we here apply the statute in a unitary fashion for claims other than those against sureties on a valid bond. Here too, this Court finds no justification in Illinois case law or in the broad language of the statue not to do so.

Accordingly, this Court holds that in order for AEI's claim against the Board for breach of contract pursuant to § 1 to survive, it must meet the procedural requirements of § 2. Next, the Court must decide: (1) whether AEI has met the § 2 notice requirement; and (2) whether AEI brought this action within the § 2 statute of limitations. Since recovery under the Bond Act is statutory, the requirements of § 2 must be strictly applied. <u>Id.</u>

A. <u>Statute of Limitations</u>

Section 2 provides that actions on bonds brought by subcontractors for payment for furnishing materials or services

9

must be brought within six months of the completion of the work. 30 ILL. COMP. STAT. 550/2; Board of Ed. v. Hartford Accident & Indem. Com., 504 N.E.2d 1000, 1005 (Ill. App. Ct. 1987). AEI's Complaint alleges that its work on the Mather project was completed as of May 6, 1998.[1] Since this action was filed on September 29, 1998, less than five months after the completion date, this action is not barred by the six month statute of limitations provided by § 2.

B. Notice

Section 2 also requires that subcontractors provide public entities notice of their claims within 180 days of the completion of the work. 30 ILL. COMP. STAT. 550/2; see also Village of Crainville v. Argonaut Ins. Co., 469 F. Supp. 11, 13 (E.D. Ill. 1976); McWane Case Iron Pipe Co. v. Aetna Casualty and Surety Co., 122 N.E.2d 435 (Ill. App. Ct. 1954). On July 9, 1998, AEI served a Subcontractor's Notice of Claim on the Board. This notice was served one month after the Complaint alleges that work was completed--well within the 180 day limit. The Board argues that such notice was insufficient since its purpose was as a

---

[1] Although both sides raise factual issues over when the official acceptance of the work occurred, this Court is bound by the allegations of the complaint in determining when AEI completed its work on the Mather project.

10

notice under the Mechanic's Lien Act. The Court agrees. Intent, though not controlling, is a factor for consideration when interpreting a notice. Walker Process Equip. v. Advance Mechanical Systems, Inc., 668 N.E.2d 132, 136 (Ill. App. Ct. 1996). In Walker Process, the Illinois Appellate Court, on a motion to dismiss, held that a notice which had been drafted as a notice under the Public Construction Bond Act would not suffice as notice pursuant to the Mechanic's Lien Act. The Court began its analysis by stating: "In deciding the sufficiency of the notice of lien, we are not bound by the allegations of [the] complaint regarding the sufficiency of notice of lien, but may consider the notice itself, together with the allegations of facts pertaining to the sufficiency of the notice." Id. (citing Wilbur Waggoner Equip. Rental & Excavating Co. v. Johnson, 342 N.E.2d 266 (Ill. App. Ct. 1975)).

The Plaintiff in that case argued that because the information included in the notice could satisfy the requirements of the Mechanic's Lien Act, it should be treated as such a notice. The Court disagreed with this argument and held that the text of the notice as well as extrinsic evidence of intent supported the finding that the Plaintiff did not provide proper notice under the Mechanic's Lien Act. Specifically, language in

11

the notice indicated that recovery under the Bond Act was the exclusive remedy being sought.

The present facts mirror the Walker Process facts. The present complaint specifies in no uncertain terms that the notice was provided to perfect a lien under the Mechanic's Lien Act. Additionally, the notice itself seeks "a lien" for the amounts due. The notice does not adequately put the Board on notice of a claim under the Bond Act, nor is there any indication in the Complaint or otherwise, that AEI had any intention of doing so. Strictly construing the statutory requirements, as this Court is required, AEI's breach of contract claim, predicated as it is on the Bond Act, must be dismissed.

For the reasons set forth above, the Court grants the Board's motion to dismiss Count I and IX.

ENTER:

_____
George M. Marovich
United States District Judge

DATED: October 3, 2000